**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-22837-CIV-ALTONAGA/O'Sullivan**

**MAGDALIE PIERRE**,

      Plaintiff,

v.

**KABIRHU ASSOCIATES, LLC**,

      Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the Joint Motion to Approve Settlement Agreement . . . ("Motion") [ECF No. 30], filed October 20, 2015.  The Motion seeks the Court's approval of a proposed "Confidential"[1] Settlement Agreement . . . ("Agreement") [ECF No. 30-1] that includes a provision for the award of attorney's fees.  The Court has carefully considered the Motion, Agreement, record, and applicable law.

A private FLSA action for back wages may be compromised when a court reviews and approves the settlement.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).  Before a court may approve a compromised settlement, it must scrutinize it to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354–55.

Factors the Court considers in determining whether requested attorneys' fees are reasonable include:

      1)     the time and labor required;

---

[1] The Court reminds the parties whatever a settlement's title, and despite any confidentiality provision, where the Court must approve a settlement, the settlement becomes a part of the judicial record and therefore may not be deemed confidential even if the parties so consent.  *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002).

2)      the novelty and difficulty of the questions;
3)      the skill requisite to perform the legal service properly;
4)      the preclusion of other employment by the attorney due to the acceptance of the case;
5)      the customary fee;
6)      whether the fee is fixed or contingent;
7)      time limitations imposed by the client or the circumstances;
8)      the amount involved and the results obtained;
9)      the experience, reputation and ability of the attorneys;
10)      the "undesirability" of the case;
11)      the nature and length of the professional relationship with the client; and
12)      awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citing *Jones v. Central Soya Co.*, 748 F.2d 586, 588 (11th Cir. 1984)).

Under the terms of the Agreement, the parties have agreed to settle this lawsuit for $27,500.00. (*See* Agreement § 3). That total represents $17,000.00 to Plaintiff and $10,500.00 to counsel for Plaintiff, with no breakdown for costs and attorney's fees. (*See id.*). Although the Motion states the award to Plaintiff's counsel is "in full satisfaction of all attorneys' fees and costs owed" (Mot. 3), neither the Motion nor the Agreement includes affidavits or exhibits detailing how much time was spent on each task, by whom, and what hourly rates were used to calculate reasonable fees.

As neither the Motion nor the Agreement adequately addresses the factors outlined in *Farley*, the Court cannot determine the fairness and reasonableness of the proposed Agreement, specifically the amount to be awarded to Plaintiff's counsel. The Court cannot approve the Motion without a proper explanation as to the calculations of the proposed attorney's fees and costs. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 30]** is **DENIED**.

2. The parties must submit a revised motion and settlement agreement that conforms with

the FLSA by **November 3, 2015**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of October, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record