# Exhibit "A"

# CONFIDENTIAL
# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("AGREEMENT") is entered into by and between MAGDALIE PIERRE ("PIERRE") and KABIRHU ASSOCIATES, LLC d/b/a GOLDEN GLADES NURSING AND REHABILITATION CENTER ("KABIRHU") (collectively "Parties").

## RECITALS

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS**, PIERRE filed a lawsuit against KABIRHU that is currently pending with the United States District Court for the Southern District of Florida and that is designated as Magdalie Pierre v. Kabirhu Associates, LLC d/b/a Golden Glades Nursing and Rehabilitation Center, Case No. 1:15-CV-22837-CMA (the "Lawsuit");

B. **WHEREAS**, KABIRHU denies the validity of PIERRE's claims and denies that it is subject to any liability; and

C. **WHEREAS**, all wages concededly due to PIERRE have been unconditionally paid; and

D. **WHEREAS**, all Parties wish to settle their differences without resort to further litigation; and

E. **WHEREAS**, KABIRHU is willing to provide PIERRE with certain considerations described below, which it is not ordinarily required to, provided PIERRE releases KABIRHU from any claims PIERRE has made or might make arising out of her employment with KABIRHU and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the term "KABIRHU" shall include the following:

1

    (A)   KABIRHU ASSOCIATES, LLC d/b/a GOLDEN GLADESNURSING AND REHABILITATION CENTER, as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of KABIRHU ASSOCIATES, LLC d/b/a GOLDEN GLADES NURSING AND REHABILITATION CENTER; and

    (B)   Any officer, director, trustee, agent, employee, member, or manager, or insurer of an entity encompassed by subparagraph (A).

3.   **Settlement Sum**: As consideration for signing this AGREEMENT and compliance with the promises made herein, KABIRHU agrees to pay to PIERRE Twenty-Seven Thousand Five Hundred and No/100 Dollars ($27,500), less lawful deductions. This sum shall be allocated as follows:

    (A)   A total of Eight Thousand Five Hundred and No/100 Dollars ($8,500.00) shall be made payable as wage-based compensatory damages to PIERRE, for which a W-2 shall be issued; and

    (B)   A total of Eight Thousand Five Hundred and No/100 Dollars ($8,500.00) shall be made payable to PIERRE as liquidated damages, for which a 1099 shall be issued; and

    (C)   A total of Ten Thousand Five Hundred and No/100 Dollars ($10,500.00) shall be made payable PIERRE's legal counsel, Robert S. Norell, P.A., tax id #65-0643110 for non-wage based damages and attorneys' fees, for which a 1099 shall be issued to both PIERRE and her legal counsel.

KABIRHU shall provide the consideration identified in this paragraph 3 after receiving all of the following items: (1) an original of this AGREEMENT appropriately signed and dated by PIERRE; (2) fully-executed tax forms for all individuals/entities receiving checks; and (3) an Order from the Court that is presiding over the Lawsuit approving the parties' settlement and dismissing the Lawsuit in its entirety, with prejudice. Said consideration shall be delivered to Robert S. Norell, P.A., 300 N.W. 70th Avenue, Suite 305, Plantation, Florida 33317, no later than 10 days after an Order from the Court is entered dismissing the Lawsuit in its entirety, with prejudice.

This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after KABIRHU has received from PIERRE all of the items described in this paragraph).

2

4. **Consideration:** PIERRE understands and agrees that she would not receive the monies and/or benefits specified in paragraph 3, above, but for her execution of this AGREEMENT and the fulfillment of the promises contained herein.

5. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, PIERRE, for herself and for each of her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges KABIRHU and each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that PIERRE may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "C" preceding paragraph 1 of this AGREEMENT, as well as paragraph 7 of this AGREEMENT, have been fully paid to PIERRE prior to the execution of this AGREEMENT, or are fully paid by way of paragraph 3 of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits.  PIERRE also releases any and all claims she may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; the Genetic Information Nondiscrimination Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended; the National Labor Relations Act; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim.  PIERRE also releases any and all claims she may have that arose prior to the date of this AGREEMENT under the Family and Medical Leave Act and the Fair Labor Standards Act.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT.  Nothing in this paragraph or this

3

AGREEMENT is intended to limit or restrict any rights PIERRE may have to enforce this AGREEMENT or challenge the AGREEMENT'S validity under the ADEA, or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. PIERRE understands and agrees that she is releasing KABIRHU from any and all claims by which she is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by PIERRE or on PIERRE's behalf.

KABIRHU hereby and for its heirs, insurers, executors, administrators, successors, subrogees, and/or subrogors, hereby releases, discharges, and acquits PIERRE, her agents, executors, heirs, successors, privies, assigns, insurers, and all related individuals and entities and holds her harmless from any and all damages, claims, actions, causes of actions, demands, rights, costs, loss of services, liens, expenses and compensation whatsoever, all incidental and consequential damages which KABIRHU now has or which may hereafter accrue on account of or in any way growing out of any and all known and foreseen damages which could be recovered under federal, Florida or local law, resulting from PIERRE'S employment with KABIRHU (hereinafter referred to as the "Claim") and any and all other legal and/or equitable claim(s) KABIRHU may have against PIERRE, including but not limited to claims sounding in tort or contract. It is understood that this Release is to cover all damages that allegedly resulted from the Claim or that could have been brought in any counterclaim or separate action by KABIRHU relating to PIERRE's employment or otherwise.

6. **Tax Liability:** In paying the amount specified in paragraph 3, KABIRHU makes no representation regarding the tax consequences or liability arising from said payment. PIERRE understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. KABIRHU has no monetary liability or obligation regarding payment whatsoever (other than delivering a valid check in the sum referenced in paragraph 3 of this AGREEMENT to PIERRE). PIERRE agrees to bear all tax consequences, if any, attendant upon the payment to her of the above-recited sums. PIERRE further agrees to hold KABIRHU harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event KABIRHU receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against KABIRHU, KABIRHU shall promptly, after receipt of such written notice, notify PIERRE by letter sent to counsel for PIERRE.

4

7. **Affirmations:** PIERRE represents and affirms that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due her, except as provided for in this AGREEMENT.

8. **No Further Employment:** PIERRE acknowledges that her employment with KABIRHU terminated effective June 26, 2015. PIERRE permanently, unequivocally, and unconditionally waives any and all rights PIERRE may now have, may have had in the past, or may have in the future to obtain or resume employment with KABIRHU. PIERRE agrees never to apply for employment with KABIRHU, its parent, successors, affiliates, and subsidiaries. In the event that PIERRE is ever mistakenly employed by KABIRHU, its parent, successors, affiliates, and/or subsidiaries, PIERRE agrees to have her employment terminated with no resulting claim or cause of action against KABIRHU, its parent, successors, affiliates, and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Confidentiality:** In consideration of the obligations under this AGREEMENT, PIERRE agrees that this AGREEMENT and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither PIERRE nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of KABIRHU, under any circumstances, except PIERRE may disclose the terms of this AGREEMENT to her attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 10 and all of its subparts.

    (A) If PIERRE is required to disclose this AGREEMENT, its terms or underlying facts pursuant to court order and/or subpoena, PIERRE shall notify KABIRHU, in writing via facsimile or overnight mail, within 24 hours of her receipt of such court order or subpoena, and simultaneously provide KABIRHU with a copy of such court order or subpoena. The notice shall comply with the notice requirements

5

set forth below in paragraph 21. PIERRE agrees to waive any objection to KABIRHU's request that the document production or testimony be done *in camera* and under seal.

(B) PIERRE acknowledges that a violation of paragraph 10 or any of its subparts would cause immeasurable and irreparable damage to KABIRHU in an amount incapable of precise determination. Accordingly, PIERRE agrees that KABIRHU shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 10 and all of its subparts, in addition to any other available remedies.

(C) The Parties agree that the terms of paragraph 10 above and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in paragraph 10 and 10(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages and injunctive relief. The Parties agree that damages sustained by such breach would be impractical or extremely difficult to determine and, therefore, agree that in the event that PIERRE, or any of the individuals identified in paragraph 10(A), violates this paragraph 10 or any of its subparts, PIERRE shall pay KABIRHU liquidated damages in the sum of One Thousand and No/100 Dollars ($1,000) for each violation. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

11. **Non-Disparagement:** PIERRE agrees that she will not provide information, issue statements, or take any action, directly or indirectly, that would cause KABIRHU embarrassment or humiliation or otherwise cause or contribute to KABIRHU being held in disrepute. KABIRHU agrees that its Human Resources Department and Director of Nursing will not provide information, issue statements, or take any action, directly or indirectly, that would cause PIERRE embarrassment or humiliation or otherwise cause or contribute to PIERRE being held in disrepute. Further, KABIRHU agrees to provide a neutral employment reference to any third party who may subsequently inquire about PIERRE's employment history with KABIRHU, providing that PIERRE list Andrew Bronfeld as the reference contact. Such employment reference shall only disclose PIERRE's dates of employment, position(s) held, and final pay rate.

12. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the state in which PIERRE was employed at the time of her last day of employment with KABIRHU without regard to its conflict of laws provision. In the event PIERRE or KABIRHU breaches any provision of this AGREEMENT, PIERRE and

KABIRHU affirm that either may institute an action to specifically enforce any term or terms of this AGREEMENT.

13. **Conditions:** Should either party ever breach any provision or obligation under this AGREEMENT, the breaching party explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by the non-breaching party as a result of the breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies that either party may have by virtue of this AGREEMENT or otherwise.

14. **No Admission of Liability:** The parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by KABIRHU of any liability or unlawful conduct of any kind.

15. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

16. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. PIERRE agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The parties acknowledge that only an authorized representative of KABIRHU has the authority to modify this AGREEMENT on behalf of KABIRHU.

17. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

18. **Severability:** The parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable. However, if any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

To the extent any provision herein that relates to the withdrawal of PIERRE's Charge or the general release of claims described in paragraph 5 above is deemed to be illegal, invalid, or unenforceable, KABIRHU is not obligated to honor any of the terms set forth herein and PIERRE shall return any amounts paid by KABIRHU.

19. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

20. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of KABIRHU to PIERRE. PIERRE acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

21. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

KABIRHU ASSOCIATES, LLC d/b/a GOLDEN GLADES NURSING AND
REHABILITATION CENTER
c/o Jonathan Beckerman
LITTLER MENDELSON, P.C.
333 SE 2ND Ave., Ste. 2700
Ph: 305.400.7500
Fax: 305.603.2552

8

MAGDALIE PIERRE
c/o Robert S. Norell, Esq.
Robert S. Norell, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Tel.: (954) 617-6017
Fax: (954) 617-6018

22. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

23. **Compliance with Older Workers Benefit Protection Act:** PIERRE, being 40 years of age or older, is advised of and acknowledges the following:

    (A) **Twenty-One Day Consideration Period.** PIERRE shall have up to twenty-one (21) days to consider and accept the terms of this AGREEMENT by fully executing and notarizing it below, and returning it to KABIRHU's counsel, as identified in paragraph 21. During this twenty-one (21) day period and before signing this AGREEMENT, PIERRE is encouraged to consult with an attorney regarding the terms and provisions of this AGREEMENT, at her own expense. The terms and provisions of this AGREEMENT are null and void if not accepted by PIERRE within the twenty-one (21) day period. PIERRE may sign the AGREEMENT prior to the conclusion of the twenty-one (21) day period.

    (B) **Release of Age Discrimination in Employment Act Claims.** By signing this AGREEMENT, PIERRE waives any claims she has or might have against KABIRHU under the Age Discrimination in Employment Act ("ADEA") that accrued prior to the date of PIERRE's execution of the AGREEMENT.

    (C) **Revocation Period.** PIERRE shall have seven (7) calendar days from the date she signs this AGREEMENT to revoke the AGREEMENT by notifying KABIRHU in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state "I hereby revoke my acceptance of our Agreement and General Release." The written revocation must be personally delivered to KABIRHU in the manner prescribed by paragraph 21 above, and must be postmarked within seven (7) calendar days of PIERRE's execution of this AGREEMENT. This AGREEMENT shall not become effective or enforceable until the

9

revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

PIERRE IS HEREBY ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

PIERRE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PIERRE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST KABIRHU.

ACCEPTED AND AGREED:

By: _____     10-13-15
MAGDALIE PIERRE                          Date

STATE OF _Florida_       )
COUNTY OF _Broward_      )

BEFORE ME, the undersigned authority on this _13th_ day of _October_ ,201_ personally appeared Magdalie Pierre known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this _13th_ day of _October_, 2015, to certify which witness my hand and seal of office.

_____
Notary Public

**ROBERT S. NORELL**
MY COMMISSION # EE224236
EXPIRES August 14, 2016
(407) 398-0153   FloridaNotaryService.com

10